**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MARYLAND**
**Greenbelt Division**

```
-----------------------------------------------------------X
In re:                                           :   Chapter 13
                                                 :
Sally Giovanna Dianderas−Wood                    :   Case No.  25−10092 LSS
                                                 :
        Debtor.                                  :
                                                 :
-----------------------------------------------------------:
```

**MOTION FOR ORDER APPROVING ASSUMPTION AND ASSIGNMENT OF VEHICLE LEASE WITH OPTION TO PURCHASE**

PLEASE TAKE NOTICE that the Debtor is moving to assume and assign her vehicle lease to her son. Any interested party objecting to the Motion must file a written objection with the Clerk of the United States Bankruptcy Court for the District of Maryland within fourteen (14) days from the date of this notice, setting forth in detail the basis of said objection with a copy being sent to the undersigned. If an objection is filed, the Court may schedule a hearing on the objection. The Court may also rule upon the motion without a hearing based upon the pleadings filed. If no objections are filed, the Court may grant the requested relief without further notification. Anyone desiring any further information may communicate with the undersigned.

Sally Giovanna Dianderas−Wood ("Debtor"), the Debtor herein, by counsel, pursuant to 11 U.S.C. §363(b) and § 365, respectfully requests entry of an Order approving the assumption and assignment of her vehicle lease with Toyota Lease Trust to her son, Andrew Esteban Wood, on the terms and conditions set forth herein, and in support thereof respectfully states as follows:

**§Jurisdiction and Venue**

1.  This Court has jurisdiction over this matter pursuant to the provisions of 28 U.S.C. §§157 and 1334. This is a core proceeding pursuant to the provisions of 28 U.S.C. §157(b)(2)(N) and (O). Venue is proper in this District and Division pursuant to 28 U.S.C. §§1408 and 1409. The statutory predicates for the relief requested in this Motion is 11 U.S.C. §363(b) and § 365.

**Background**

2. On January 6, 2025, this case was commenced by the filing of a voluntary petition for relief under chapter 13 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Maryland (the "Bankruptcy Court").

3. The Debtor is the lessee of a 2020 Lexus UX250H VIN JTHP9JBH3L2027696 vehicle. A copy of the Lease is attached as Exhibit A. The term of the lease has expired but there is an option to purchase the vehicle for $14,952.40 (Exhibit B) (potentially plus some additional interest).

3. The vehicle has appraised at $17,000. (Exhibit C).

4. Debtor's adult son, Andrew Esteban Wood, who drives the car, is willing to pay the appraised value for it, which would net an approximate $2000 for the estate after paying the buyout price.

5. Debtor is confident that this is the highest and best offer, as any unrelated buyer would require Debtor to first purchase the car, which Debtor cannot afford to do. If Debtor does not purchase the car or assume and assign the lease, Debtor will have additional liability under the lease for return charges, excess mileage, and other costs, so this sale will eliminate Toyota's unsecured claim.

### Relief Requested

6. By this *Motion*, the Debtor seeks approval to assume and assign the lease with purchase option to her son, who will pay to the Debtor the difference between the buyout price and the $17,000 appraised value.

### Argument

8. Section 363(b) of the Bankruptcy Code permits a trustee or debtor-in-possession to sell property of the estate other than in the ordinary course of business after notice and a hearing. 11

U.S.C. §363(b). Section 365 allows the Debtor to assume and assign executory contracts.

9. The bankruptcy court's power to authorize such a transaction is an exercise of its discretion. *Committee of Equity Security Holders v. Lionel Corporation (In re Lionel Corporation)*, 722 F.2d 1063 (2d Cir. 1983). Factors to be considered include: (i) whether a sound business reason exists for the proposed transaction, (ii) whether fair and reasonable consideration is being provided, (iii) whether the transaction has been proposed and negotiated in good faith, and (iv) whether adequate and reasonable notice has been provided. *See e.g.*, *In re Ewell*, 958 F.2d 275 (9th Cir. 1992) (affirming sale where price was fair and reasonable and buyer was good faith purchaser).

   a. In this case, the Debtor has a sound business reason for selling the Property to Purchaser. The Debtor has diligently and in good faith analyzed all other available options in connection with the disposition of the Property and determined that the terms and conditions as agreed with Purchaser, including the price at which Purchaser proposes to purchase the Property, are all fair and reasonable and together constitute the highest or otherwise best offer presently obtainable for the Property.

   b. The terms of sale with Purchaser were negotiated at arms length and in good faith. Purchaser is an "insider" of the Debtor as that term is defined in 11 U.S.C. § 101(31), but the parties agreed to use an independent appraiser,

   c. Finally, adequate and reasonable notice is being provided to all creditors as set forth below.

10. Notice of this transaction will be provided to all creditors and parties in interest in this case in accordance with the requirements of Bankruptcy Rules 6006 and Local Rule 6006-1.

## **Conclusion**

WHEREFORE, for the foregoing reasons, the Debtor respectfully requests that the Court

enter an Order (a) approving the assumption and assignment of the lease contract with buyout option to her son.

    Dated:    April 3, 2025.

                                                            Respectfully submitted,

                                                            /s/ Daniel M. Press
                                                          Daniel M. Press, #07300
                                                          Chung & Press, P.C.
                                                          6718 Whittier Ave., Suite 200
                                                          McLean, VA 22101
                                                          (703) 734-3800
                                                          (703) 734-0590 fax
                                                          dpress@chung-press.com

<u>CERTIFICATE OF SERVICE</u>

       This is to certify that on this 3rd day of April, 2025, I caused the foregoing document to be served on upon the Chapter 13 Trustee and all parties requesting notice by CM/ECF, to:

Rebecca A. Herr ecf@ch13md.com

Gene Jung ANHSOrlans@InfoEx.com, ecfaccount@orlans.com

Daniel J. Pesachowitz dpesacho@siwpc.com, rjones@siwpc.com, bkreferrals@siwpc.com, siwbkecf@siwpc.com, siwpc@ecf.courtdrive.com, siwattecf@siwpc.com

Ryan Srnik ryan.srnik@brockandscott.com, wbecf@brockandscott.com

and by first class mail, postage prepaid, to all other creditors and parties in interest on the attached service list, and to the US Trustee.

                                                           /s/ Daniel M. Press

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0416-0<br>Case 25-10092<br>District of Maryland<br>Greenbelt<br>Thu Apr  3 02:19:38 EDT 2025 | Ally Bank<br>Orlans Law Group PLLC<br>c/oGene Jung<br>P.O. Box 2548<br>Leesburg, VA 20177-7754 | (p)PNC BANK RETAIL LENDING<br>P O BOX 94982<br>CLEVELAND OH 44101-4982 |
| Ally Bank<br>c/o Cenlar FSB<br>425 PHILLIPS BLVD, ATTN BK Dept<br>Ewing, NJ 08618-1430 | Ally Home Loans<br>PO Box 77423<br>Ewing, NJ 08628-7423 | Capital One<br>1680 Capital One Dr<br>McLean, VA 22102-3407 |
| Cavalry SPV I, LLC as assignee of<br>Capital One, N.A./Lord & Taylor<br>c/o Cavalry SPV I, LLC<br>PO Box 4252<br>Greenwich, CT 06831-0405 | (p)COMPTROLLER OF MARYLAND<br>BANKRUPTCY UNIT<br>7 ST PAUL STREET SUITE 230<br>BALTIMORE MD 21202-1626 | Department of the Treasury<br>Internal Revenue Service<br>P.O. Box 7346<br>Philadelphia, PA 19101-7346 |
| Orlans Law Group PLLC<br>P.O. Box 2548<br>Leesburg, VA 20177-7754 | (p)ROSENBERG & ASSOCIATES  LLC<br>4340 EAST WEST HIGHWAY<br>SUITE 600<br>BETHESDA MD 20814-4411 | State of Maryland DLLR<br>Division of Unemployment Insurance<br>1100 N. Eutaw Street, Room 401<br>Baltimore, MD 21201-2226 |
| Taxing Authority of Montgomery County<br>Division of Treasury<br>255 Rockville Pike, Ste. L-15<br>Rockville, MD 20850-4188 | Timothy J Wood<br>15630 Blackberry Drive<br>Gaithersburg, MD 20878-4908 | Toyota Financial Services<br>Cedar Rapids, IA 52409-0004 |
| Toyota Lease Trust<br>c/o Toyota Motor Credit Corporation<br>PO Box 9013<br>Addison, Texas 75001-9013 | Daniel M. Press<br>Chung & Press, P.C.<br>6718 Whittier Ave., Ste. 200<br>McLean, VA 22101-4531 | Rebecca A. Herr<br>Chapter 13 Trustee<br>185 Admiral Cochrane Dr.<br>Suite 240<br>Annapolis, MD 21401-7623 |
| Sally Giovanna Dianderas-Wood<br>15630 Blackberry Drive<br>Gaithersburg, MD 20878-4908 | | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| PNC Bank, National Association<br>PO Box 94982<br>Cleveland, OH 44101 | Comptroller of Maryland<br>7 St Paul St<br>Baltimore, MD 21202 | (d)Office of the Comptroller of Maryland<br>Bankruptcy Unit<br>7 St. Paul Street, Suite 230<br>Baltimore, MD 21202 |
| Rosenberg & Associates<br>4340 East West Highway Ste 600<br>Bethesda, MD 20814 | | |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Toyota Lease Trust

End of Label Matrix
Mailable recipients    18
Bypassed recipients     1
Total                  19