## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MARYLAND
### Greenbelt Division

--------------------------------------------------------------X

| | | |
|---|---|---|
| **In re:** | : | **Chapter 13** |
| | : | |
| Sally Giovanna Dianderas−Wood | : | **Case No.** 25−10092 LSS |
| | : | |
| **Debtor.** | : | |
| | : | |

---------------------------------------------------------------:

**REPLY OF DEBTOR TO RESPONSE TO LESSOR TO MOTION FOR ORDER APPROVING ASSUMPTION AND ASSIGNMENT OF VEHICLE LEASE WITH OPTION TO PURCHASE**

Sally Giovanna Dianderas−Wood ("Debtor"), the Debtor herein, by counsel, replies as follows to the response of Toyota Lease Trust ("Toyota") to the Motion to assume and assign the lease.

Toyota (calling itself a "secured creditor," which it is not, argues "The Debtor executed the Motor Vehicle Lease Agreement Maryland on August 13, 2020. The Motor Vehicle Lease can not be assumed or assigned to her son, Andrew Esteban Wood, as they are not a lessee under the Motor Vehicle Lease Agreement."   The assumption and assignment of a lease to a non-lessee is the purpose of § 365 of the bankruptcy code.  In particular, § 365(f)(1) provides "Except as provided in subsections (b) and (c) of this section, notwithstanding a provision in an executory contract or unexpired lease of the debtor, or in applicable law, that prohibits, restricts, or conditions the assignment of such contract or lease, the trustee may assign such contract or lease under paragraph (2) of this subsection."  Paragraph (f)(2) then requires that the lease be assumed in order to be assigned (which Debtor is doing), and that adequate assurance of future performance by the assignee is provided.   But here, the only performance is paying the buyout price, which will happen

immediately upon (and as a condition to) the assumption and assignment.

The exceptions in (b) and (c) also do not bar assumption and assignment. Subsection (b) requires that any default be promptly cured – which payment of the buyout price will do – and (c) bars assignment if "applicable law excuses a party, other than the debtor, to such contract or lease from accepting performance from or rendering performance to an entity other than the debtor or the debtor in possession, whether or not such contract or lease prohibits or restricts assignment of rights or delegation of duties." That provision relates to personal services types of contracts – the Baltimore Symphony could not assign a contract to perform a concert to the Sex Pistols, for example – as well as certain intellectual property license agreements, partnership agreements and the like. *See e.g. In re Antonelli*, 148 BR 443, 447 (D. Md. 1992. There is no "applicable law" (and Toyota certainly does not identify any) that excuses a party from accepting performance (payment of money) from someone other than the Debtor in a car lease situation.

As that is the only basis given for the objection, it should be overruled and the motion granted.

    Dated:    April 17, 2025.

                                        Respectfully submitted,

                                         /s/ Daniel M. Press
                                        Daniel M. Press, #07300
                                        Chung & Press, P.C.
                                        6718 Whittier Ave., Suite 200
                                        McLean, VA 22101
                                        (703) 734-3800
                                        (703) 734-0590 fax
                                        dpress@chung-press.com

<u>CERTIFICATE OF SERVICE</u>

 This is to certify that on this 17th day of April, 2025, I caused the foregoing document to be served on upon the Chapter 13 Trustee, counsel for Toyota, and all parties requesting notice by CM/ECF, to:

Rebecca A. Herr ecf@ch13md.com

Gene Jung ANHSOrlans@InfoEx.com,
ecfaccount@orlans.com

Daniel J. Pesachowitz dpesacho@siwpc.com,
rjones@siwpc.com,
bkreferrals@siwpc.com,
siwbkecf@siwpc.com,
siwpc@ecf.courtdrive.com,
siwattecf@siwpc.com

Ryan Srnik ryan.srnik@brockandscott.com,
wbecf@brockandscott.com

         /s/ Daniel M. Press